IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALLAN RAY MCFARLAND, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:06-CV-0028-Y |
| | § | |
| COLE JETER, Warden, | § | |
| Federal Correctional Institution-Fort Worth, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the United States Magistrate Judge, as evidenced by his signature hereto, are as follows:

**I. FINDINGS AND CONCLUSIONS**

*A. Nature of the Case*

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

*B. Parties*

Petitioner Allan Ray McFarland, Register No. 40015-080, is confined in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

Respondent Cole Jeter is the Warden of FCI-Fort Worth. No process has been issued on Respondent in this case.

*C. Factual Background*

On May 13, 2002, McFarland pled guilty to one court of possession of a firearm by a

convicted felon in violation of 18 U.S.C. § 922 in the United States District Court for the Western District of Texas, Waco Division, and, on July 10, 2002, he was sentenced to a term of 60 months' incarceration.  *See* CM/ECF, Criminal Docket for Case # 01-CR-148-ALL, docket entries for May 13, 2002 & July 10, 2002.  McFarland pursued postconviction collateral relief via a § 2255 motion to vacate to no avail.  *Id.*, docket entry for September 11, 2003.  On January 11, 2006, the clerk's office received this petition for filing.

*D.  Legal Discussion*

McFarland challenges his 60-month sentence on the basis of the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2004), and counsel's failure to raise an *Apprendi/Blakely/Booker*-type claim in his § 2255 motion.  In *Booker*, a majority of the Supreme Court extended to the federal Sentencing Guidelines the rule announced in *Apprendi* and *Blakely*: pursuant to the Sixth Amendment, any fact, other than the fact of a prior conviction, "which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  *Booker*, 125 S. Ct. at 756.  A different majority of the Court then determined the appropriate remedy was to sever and excise those statutory provisions making the Guidelines mandatory, thereby rendering the Guidelines effectively advisory.  *Id.* at 756-57.  McFarland argues that his 60-month sentence was unconstitutionally enhanced under the then-mandatory federal Sentencing Guidelines based on facts that were not found by a jury beyond a reasonable doubt.

This Court has the duty to assure that it has jurisdiction over the matters before it and may raise a jurisdictional issue *sua sponte* at any time.  *See Burge v. Parish of St. Tammany*, 187 F.3d

452, 465-66 (5th Cir. 1999); *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." FED. R. CIV. P. 12(h)(3). The threshold question is whether McFarland's claims are properly raised in a § 2241 habeas petition.

Typically, § 2241 is used to challenge the manner in which a sentence is executed.[1] *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence only if he can satisfy the mandates of the so-called § 2255 "savings clause." *See* 28 U.S.C. § 2255; *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). That provision provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255.

To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*,

---

[1] McFarland asserts that he is challenging the way his sentence is being executed, however, he is actually challenging the application of the Sentencing Guidelines in the determination of his sentence. *See Montgomery v. U.S. Sentencing Comm'n*, 104 Fed. Appx. 438, 439 (5th Cir. 2004) (not designated for publication in the Federal Reporter).

3

218 F.3d 448, 452 (5th Cir. 2000). A § 2241 petition is not a substitute for a motion under § 2255, and the petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). A prior unsuccessful § 2255 motion, or the inability to meet the statute's second or successive requirements, does not make § 2255 inadequate or ineffective. *Jeffers*, 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

McFarland cannot satisfy the first prong of the *Reyes-Requena* test. His attack on the constitutionality of 18 U.S.C. § 922 on its face and as applied to him is without merit. *See United States v. Darrington*, 351 F.3d 632, 633-35 (5th Cir. 2003), *cert. denied*, 541 U.S. 1080 (2004); *United States v. Daugherty*, 264 F.3d 513, 517 (5th Cir.2001); *United States v. Gresham*, 118 F.3d 258, 264-65 (5th Cir. 1997); *United States v. Kuban*, 94 F.3d 971, 973 (5th Cir. 1996). Nor are his attack on his sentence and his ineffective-assistance claim based on a retroactively applicable Supreme Court decision which would establish his innocence under the statute. The Fifth Circuit has expressly held that the *Apprendi/Blakely/Booker* line of cases do not apply retroactively to cases on collateral review. *See Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005); *Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 347-48 (5th Cir. 2002); *United States v. Brown,* 305 F.3d 304, 309 (5th Cir. 2002); *Ball v. Conner*, 83 Fed. Appx. 621, 622 (5th Cir. 2003) (not selected for publication in the Federal Reporter).[2] Contrary to

---

[2]Other circuit courts to consider the issue have also concluded that *Booker* does not apply retroactively on collateral review. *See Guzman v. United States*, 404 F.3d 139, 141-44 (2nd Cir. 2005), *cert. denied*, 126 S. Ct. 731 (2005); *In re Olopade*, 403 F.3d 159, 160-64 (3rd Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860-61 (6th Cir. 2005), *cert. denied*, 126 U.S. 199 (2005); *McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir.), *cert. denied*, 125 S. Ct. 2559 (2005); *Never Misses A Shot v. United States*, 413 F.3d 781, 783-84 (8th Cir. 2005); *United States v. Price*,
(continued...)

his assertion, the fact that McFarland cannot meet the savings clause requirements of § 2255 does not result in an unconstitutional suspension of the writ. *See Wesson*, 305 F.3d at 347; *Reyes-Requena*, 243 F.3d at 893, 901 n.19.

McFarland is precluded from challenging the legality of his conviction or sentence under § 2241. The court is without jurisdiction to consider the petition. *See Padilla*, 416 F.3d at 427; *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. ).

## II. **RECOMMENDATION**

It is therefore recommended that McFarland's petition for writ of habeas corpus be dismissed for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 14, 2006. The United States District Judge need only make a

---

[2](...continued)
400 F.3d 844, 846-49 (10th Cir. 2005), *cert. denied*, 126 S. Ct. 731 (2005); *In re Anderson*, 396 F.3d 1336, 1338-40 (11th Cir. 2005); *United States v. Fowler*, 133 Fed. Appx. 922, 2005 WL 1416002, at *1 (4th Cir. June 17, 2005) (not designated for publication in the Federal Reporter); *In re Hinton*, 125 Fed. Appx. 317, 2005 WL 566608, at *1 (D.C. Cir. Mar. 10, 2005) (not designated for publication in the Federal Reporter).

*de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until February 14, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 24, 2006.

/s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE